Judge Ewing

delivered the Opinion of the Court.
We understand the verdict of the jury as finding the defendants guilty of the trespass and ejectment as to the whole land, on the demises designated by them in the ver. diet. They have not found as to a pari, divided or undivided, so as to limit their finding to any quantity less than the whole; and it does not appear by the record, at the other lessors, upon whose demises they had not found, were entitled to any interest in the land in contest, or that they were heirs of John South, or that the interests of those Upon whose demises they have found, was less than the whole. The judgment was, therefore, properly rendered for the whole.
Though the proof by general reputation as to a particular fact may be inadmissible, it is well settled in this country, that general reputation as to an ancient boundary is competent. Nor does the principle settled in 10 Peters' Rep. 437-8, Ellicott vs Pearl, conflict with this rule.
Though the defendants were in the adverse possession at the time when McGuire contracted to purchase from two of the lessors, it is clear that the suit was instituted in their names, at his instance, and upon his mere mo *323 tion, and without the sanction, privity, or knowledge, of any of the lessors. The first section of the statute of champerty of 1824, cannot be so construed as to work a forfeiture of their title, without wrong on their part, which would be the effect of a finding against them upon the merits.
Before the statute is applied in such a case, the jury should be satisfied, that the vendee is prosecuting the suit, not only for his own benefit, but with the knowledge and express sanction of his vendor.
If a judgt. in eject.—which, under our statute, will bar another action in the name of the same lessor—is given for deft., upon proof that the action is for the benefit of a vendee of the plaintiff’s lessor, tho’ without the privity of the latter, it would conclude him—tho' he had neither done, nor consented to, any act against law-an effect which should not be given to the statute.
The only way in which a deft, can avail himself of the fact that the suit is carried on for the benefit of a champertous purchaser, in the name of his vendor, but without the consent of the latter-is by a rule upon the person prosecuting to produce his authority, and a dismissal of the suit his failure to do so.
Though it was determined by a majority of this Court, in the case of Cardwell vs Sprigg’s Heirs, (7 Dana, 40,) upon the authority of opinions previously expressed, that a suit could not be maintained in the name of the vendors for the use of a champertous vendee; yet, in that case it was expressly determined that, “before the statute should be applied to a suit thus instituted, the jury should be satisfied that the vendee is prosecuting it for his own benefit, with the knowledge and' express sanction of the vendor, as nominal party.” No such knowledge or sanction is proven in this case; but so far from it, it is expressly proven that the suit was instituted and carried on by the vendee, in the names of his vendors, for his own benefit, and without their knowledge or sanction. If such proof could be introduced in a trial upon the merits, and could be deemed sufficient to authorize a finding for the defendants — as such finding would, under our statute, be a bar to any further suit in the names of the same lessors, (the claims being adversary,) the finding would operate as a nullification not only of the vendee’s title, but also that of the vendors, and that too without their knowledge of, or participation in, the wrongful institution or prosecution of the suit. The opinion referred to, expressly saves from such consequences, the rights of vendors situated as the lessors are.
The only mode by which the defendants could have successfully availed themselves of the facts proven, would have been at the proper stage of the case, to have moved a dismissal of the suit, upon a rule to show cause upon what authority it was prosecuted. By which mode of disposing of the case, the vendors would not have been barred of their right, or prevented from commencing and prosecuting another suit, in their own names, for their own benefit, upon their unimpaired title.
*324 There was, therefore, no error in the Court, in giving or withholding instructions.
Judgment affirmed with costs.