JUDGE LINDSAY
delivered the opinion oe the court.
Upon a former appeal it was held that the sureties of Vanarsdall, late sheriff of Mercer County, by the stipulations of the bond, executed to secure the collection and payment of the county revenue for the year 1864, were responsible for the tax levied under the authority of the act of February 20, 1864.
Upon the return of the cause said sureties offered to file an amended answer, setting up the failure of the County Court of Mercer County, within the time prescribed by law, to appoint the commissioner, and cause the sheriff to settle his accounts, and to make the necessary orders for the preservation and security of such balance of the county taxes as might have been found remaining in his hands; and that no such steps were taken nor orders made until after the month of March, 1866; that up to and including that month Vanarsdall, their principal, was perfectly solvent; but that since that time, and before the county court had compelled him to settle, he had become utterly and hopelessly insolvent.
They insist that this protracted and unnecessary delay of the county court to comply with the plain and imperative *578 directions of the statutes had the legal effect to absolve them from all liability to account for the balance which 'Vanarsdall failed and neglected to pay over to the persons appointed by the court to collect the same.
The circuit court refused to permit this amended answer to be filed, and upon hearing rendered judgment against the appellants for the full amount for which the sheriff had failed to account, and also for an additional sum, equal to ten per cent, thereon, in the way of damages.
It is only necessary upon this appeal to inquire into the sufficiency in law of the defense presented by the rejected pleading. It is insisted by the learned counsel representing the appellants that the facts of this case are wholly different from those presented by the record in the case of Keel v. Preston, 5 Monroe, 584, and that the absence of many of the material facts upon which the judgment of the court in that case was based, and the existence of others of an exactly opposite character, must of necessity lead to a different conclusion. It is true that the facts of the two cases are essentially different, but nevertheless we are constrained to conclude that an adherence to the principles governing the court in the decision in Keel v. Preston will not, even in a case like this, allow sureties in a bond given to the government to secure the faithful performance by a public officer of an official duty, in which the public have a special interest, to escape liability on account of the failure of another public officer to comply with duties imposed by law upon him. The liability of the sheriff and his sureties is not (as counsel insist) to the county court, but to the County of Mercer, which can not and ought not to be prejudiced by the failure of the county court to enforce against the delinquent sheriff the penalties imposed by law.
The government of Kentucky, of which the County of Mercer is an integral part, can only transact its business through its lawfully-constituted agents, and to apply to such government, *579 representing as it does the sovereignty of the people of the state, the doctrine of laches would not only be a legal anomaly, but would lead to inconveniences and annoyances of the most serious character.
The statutes of the state prescribing the duties of the county court relative to the collection and safe-keeping of the county revenues, and the amendatory enactments denouncing penalties against the county judge and his commissioner for failing to discharge their respective duties touching such revenues, constitute no part of the contract between the county and the officer and his sureties. These statutes were enacted for the benefit of the people of the county, constituting the municipal corporation to which the revenue belongs when collected, and not for the benefit or protection of the sureties of the officer who undertakes its collection.
In the ease of the United States v. Kirkpatrick, 9 Wheaton, 721, the Supreme Court, in adjudicating a question almost identical with the one under consideration, used this language:
“ The surety may place confidence in the agents of the government and rely on their fidelity in office; but he has the same means to judge as the government itself, and the latter does not undertake to guarantee such fidelity.”
In this state the government, by the statute of February 9, 1864 (Myers’s Supplement, 126), has adopted the most extraordinary measures to insure the performance by the .varioiis county courts of their duties relating to the county revenues. A penalty of from two hundred to five hundred dollars is imposed upon the officers constituting such courts for willfully or negligently failing to appoint commissioners to settle with the sheriffs, and a like penalty upon such commissioners, when appointed, for a willful failure to perform their duties.
The intention of this act was to compel speedy settlements of sheriffs’ accounts, and to prevent delay and indulgence on the part of the county courts.
*580 The sureties of 'Vanarsdall were (as to his accounts) more interested than any other citizens of Mercer County in the accomplishment of these ends. They had the means of knowing whether of not their principal had rendered his accounts, and discharged them from liability by paying over the taxes collected to the person appointed, or who ought to have been appointed, to receive them. If such account had been rendered, it would have been a matter of public record; and the fact that it was not rendered could have been ascertained by an examination of the records of the county court.
That court was open to the sureties to ask the appointment of a commissioner, and an order upon their principal to settle. And had the court failed to act when applied to, or the commissioner neglected to settle when appointed, the enforcement of the penalties denounced by law against such delinquént officers would doubtless have had the effect of bringing about a settlement of the sheriff’s accounts long before he became insolvent. ’ The sureties should have availed themselves of the means thus afforded them for their protection. If they had actual notice that the court and their principal were delinquent, and failed to take the necessary steps for their own security, they may be said by their inexcusable inaction to have acquiesced in the neglect of official (jluty of which they now complain; or if they failed to inform themselves as to whether or not the provisions of the law were being enforced, their misplaced confidence in the fidelity of the county officials can not be allowed to have the effect of discharging them from liability to the public.
The people of Mercer County, the beneficiaries in the bond upon which this action is founded, have done no act to lessen the means of the appellants for protection against the default of the sheriff, nor to mislead them as to the real condition of the accounts of their principal; nor did they lull them into the belief that he had performed, or in good faith attempted to *581 perform, those duties for the neglect of which this suit is brought.
We therefore conclude that the court below did not err in refusing to permit the amended petition to be filed, and therefore the judgment for the amount of county revenue remaining in the hands of the sheriff must be affirmed.
We do not, however, think that the judgment for damages can be sustained. Section 6, article 2, chapter 26, Eevised Statutes, makes the sheriff and his sureties liable to comity creditors, in case of failure to pay upon demand, for their demands, with ten per cent, upon the amount due, and authorizes the same to be recovered by suit on the bond in the circuit court, or by motion in the county court: “ The like remedies are given to the county court when the sheriff . . . shall refuse to settle' his accounts or pay over any money in his hands ■ belonging to the county.” The statute expressly fixes the liability to the county creditor at the amount of his claim with ten per cent, thereon. It fixes no such liability to the county court, unless the term “like remedies” can be construed to mean nft only the right to proceed against the sheriff and his sureties by suit or motion, but also to recover the “ten per cent, upon the amount due.”
We are of opinion that the most reasonable construction to put upon this provision is that “like remedies” were intended to mean like proceedings; and as the ten per cent, is in the nature of a penalty, we are not inclined by mere implication to affix it to any other class of claims as against'sureties than that to which the legislature.clearly intended it to apply.
For these reasons the judgment for $403.81 for damages is reversed. The cause is remanded for further proceedings consistent herewith.