Crowley v. Vaughan, &c.

CASES 44–46—PETITIONS EQUITY—NOVEMBER 5.

11bu517.
115  511.

· Crowley v. Vaughan, &c.
Jones v. Brentlinger, &c..
Vaughan v. Brentlinger, &c.

APPEALS FROM LOUISVILLE CHANCERY COURT.

1. A CHAMPERTOUS VENDOR DOES NOT FORFEIT HIS TITLE.—The statute merely provides that his conveyance to the vendee shall be null and void.

The grantee takes nothing under a champertous deed, and can maintain no action upon it.

The title remains in the vendor, and he may repudiate his champertous deed and abandon the sale and sue in his own name.   ·

2. Whether the champertous grantee sues in his own or uses the name of his grantor is immaterial, as in either case the defendant may introduce proof of the champertous contract, and thereby make an available defense.

3. If the champertous vendor permits his vendee to use his name in the prosecution of an action founded upon the champertous sale it may be defeated by proof of the character of the sale, and a judgment in such an action will bar a subsequent proceeding commenced by the vendor in his own behalf. But this results from the judgment, and the fact that he appears upon the record as the real party in interest, and not merely because he was a party to the champertous contract.

4. The courts will not imply an intention to forfeit.

Section 1 of the Act of 1824 and section 2 of chapter 12 of the Revised Statutes are substantially the·same. Sales and conveyances of lands made and executed contrary to their provisions are simply void and of no effect; and no forfeiture being annexed to a violation of said sections, the courts will not imply such an intention.

5. A NON-RESIDENT not served with summons may appear at any time before final judgment, and make defense or assert claim to affirmative relief.

JAMES S. PIRTLE,  . . . . . . . . .   For Appellants,

CITED

Champerty Act of 1824.   ·
Revised Statutes, chap. 12, secs. 2, 4.

9 Bush, 415, Swager v. Crutchfield, &c.
4 Dana, 563, Griffith v. Dicken.
1 Dana, 567, Wash v. McBrayer.
1 Dana, 481, Gaines, &c. v. Buford.
5 B. Mon. 159, Baley v. Deakins.
3 Met. 516, Barret v. Coburn.
2 Met. 157, Wall v. Wayland.
9 Dana, 234, Thruston v Masterson.
20 How. 467, Roberts v. Cooper.

THOMAS SPEED, . . } . . . . . . . . For Appellees,
CLEMMONS & WILLIS, }

CITED

Revised Statutes, chap. 12, 1 Stanton, p. 226.
7 Bush, 355, Harman v. Brewster.
7 Dana, 36, Cardwell v. Spriggs.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

L. S. P. Vaughan died in the year 1866, leaving surviving him a widow, but no descendants. His estate, which consisted in the main of a large tract of land in Jefferson County, Ky., passed under the law of descents to his brothers and sisters and to the children of such of them as had died before him.

The interests of the greater portion of his heirs at law were purchased by Tindall and Vorhees, and in an action in the Louisville Chancery Court the lands were partitioned and the shares or supposed shares of certain infants were allotted to them, and the interests supposed to be owned by Tindall and Vorhees adjudged to be sold in order to settle their affairs.

At this sale Mrs. Catharine Vaughan, the widow of the deceased, purchased the fee in the eighty acres that had been set apart to her as dowress. Tindall purchased a tract of about eighty acres, and afterward sold and conveyed it to Brentlinger. Vorhees purchased a third lot. After these parties had received conveyances, and while they were each in possession claiming to hold adversely, S. T. Crowley bought and had conveyed to him the interests which Charles W. Vaughan and Mary Ann Jones took as heirs at law of the intestate. It

seems that all the parties to the suit in the chancery court resulting in the partition and sale were ignorant of the fact that these two persons were alive. Of course neither the judgment rendered in that proceeding nor the sales made under it divested them of title.

Crowley brought this suit asking a partition of the entire property and an allotment to him of the interests conveyed by said Charles W. Vaughan and Mary Ann Jones.

Among other grounds of defense the widow, Mrs. Catharine Vaughan, and Brentlinger, the vendee of Tindall, set up and relied on the fact that they were each in the actual adverse possession of the lands claimed by them at the time the conveyances were made to Crowley, and they claimed protection under the provisions of section 2, chapter 12, of the Revised Statutes, which provided that sales and conveyances of lands made under such circumstances should be null and void.

By amendments to their answers they made them cross-petitions against the two champertous vendors, and asked that their titles be quieted. Before these cross-petitions had been answered the cause was heard as to Crowley, and his petition was, as we think, properly dismissed as to the appellees Catharine Vaughan and Brentlinger.

After this judgment these appellants, C. W. Vaughan and Mary Ann Jones, appeared and offered to file their answers to the cross-petitions. They averred their heirship and set out the interests that descended to them in the lands in controversy. They admitted that their conveyances to Crowley were correctly held to be champertous and void as to the lands claimed by Brentlinger and Catharine Vaughan, and insisted that they are each the holder and owner of an undivided interest of one twelfth in said lands. They made their answers cross-petitions, and sought to have partition.

The cause seems to have been submitted in chief and on the motion to file these answers and cross-petitions. The

chancellor adjudged that these persons had no interest in said lands, and that they were not necessary parties to the cross-actions of Brentlinger and Catharine Vaughan, and he dismissed said cross-actions and refused to allow the answers and cross-petitions to be filed. From that judgment C. W. Vaughan and Mary Ann Jones prosecute this appeal.

Some stress was laid by the chancellor upon the supposed delay of these appellants in offering to file their answers and cross-petitions. As they were non-residents of the common-wealth, and as they were not before the court by service of process, their delay can not be regarded as inexcusable; and we can see no good reason why they might not, at any time before judgment, be allowed to enter their appearance, and not only make defense, but assert their claim to affirmative relief. Further than this, they were in our opinion proper parties to the cross-actions in which they proposed to answer, and they had the right to have the matters in controversy between them and Catharine Vaughan and Brentlinger settled in this suit.

In support of the judgment appealed from it is argued that inasmuch as the conveyances to Crowley are within the in-hibitions of the statute, these appellants can prosecute no actions in their own behalf; that the existence of their cham-pertous conveyances is of itself enough to defeat their actions.

We can not give our assent to any such doctrine. The provisions of the statute relating to the questions involved in this litigation are—

"All sales or conveyances, including those made under ex-ecution, of any lands, or the pretended right or title to the same, of which any other person, at the time of such sale, contract, or conveyance, has adverse possession, shall be null and void."

"The person in the adverse possession, according to the provisions of the second and third sections of this chapter, his personal representatives, heirs, or assigns, or the person under

whom such occupant claims or holds, his personal represent-
atives, heirs, or assigns, may give in evidence under the general
issue, or may plead the sale or purchase of any pretended right
or title in violation of the second section of this chapter, or
any contract or agreement made in violation of the third sec-
tion of this chapter, in bar of any suit or action against them
to recover the possession."

"Neither party to any contract made in violation of the
provisions of this chapter shall have any right of action or
suit thereon." (Sections 2, 4, and 8 of chapter 12, Revised
Statutes.)

The statute does not provide that a champertous vendor
shall forfeit his title, but that his conveyance shall be null and
void. The grantee takes nothing under it, and can maintain
no action upon it. In a suit or action by the grantee in a
champertous conveyance section 4, quoted above, applies; and
it is immaterial whether he sues in his own name or uses the
name of the person from whom he purchased. In either case
proof of the champertous contract will make out an available
defense. But this court has never held that when the vendor
repudiates and abandons the champertous sale, and sues in his
own name and for his own benefit, the fact that he had there-
tofore conveyed in violation of the statute was sufficient of
itself to defeat his recovery.

In the case of Cardwell v. Spriggs (7 Dana, 36), which
arose under the act of 1824, it was held that a sale and con-
veyance of lands in the adverse possession of another would
neither divest nor affect the title of the vendor, and that if
the vendee should recover the possession his recovery would
inure to the benefit of the party who had conveyed to him.

In the case of Beaty, &c. v. Hudson, &c. (9 Dana, 322),
where the names of the real owners of the land were being
used as plaintiffs by a champertous vendee (the action being
really for his benefit) without their sanction, privity, or knowl-

edge, it was held that the first section of the act of 1824 could not be construed to work a forfeiture of their title. If the vendor permits his vendee to use his name in the prosecution of an action founded upon a champertous sale, it may be defeated by proof of the character of the sale, and a judgment in such an action will bar a subsequent proceeding commenced by the vendor in his own behalf. But this will result from the judgment, coupled with the fact that he appears upon the record as the real party in interest, and not merely because he was a party to the champertous contract.

Section 1 of the act of 1824 and section 2 of chapter 12 of the Revised Statutes were substantially the same. Sales and conveyances of lands made and executed contrary to their provisions are simply void and of no effect. The title remains in the vendor, and he may at any time disavow the transaction.

The object of these statutes was to protect *bona fide* occupants of land against vexatious litigation growing out of merely speculative adventures or purchases. To accomplish this desirable end the legislature has not deemed it necessary to go further than to declare that champertous contracts shall be void, and that neither party shall have any right of action or suit upon them. That it was not intended that a forfeiture of title should follow a violation of the statute prohibiting such contracts, is made evident by the fact that both the act of 1824 and the twelfth chapter of the Revised Statutes provide in express terms for such a forfeiture in cases in which a contract or undertaking to carry on a suit or action to recover any pretended right or title to land held adversely, for and in consideration of the whole or any part of the profits thereof, has been entered into.

Whether such a forfeiture can be enforced without office found, as these statutes provided, we need not decide. No forfeiture was attempted to be annexed to a violation of the sections prohibiting the sale of lands adversely held, and the

courts will not imply such an intention in the absence of an express legislative declaration.

In this case it does not appear that the appellants are merely tendering their names and seeking to recover for the benefit of the champertous vendee, nor that they were aware, at the time they sold and conveyed to Crowley, the lands in controversy were held adversely to them. Upon the face of their pleadings there appears no legal obstacle in the way of their obtaining the relief sought.

Upon Crowley's appeal the judgment is affirmed, but upon the appeals of C. W. Vaughan and Mary Ann Jones it is reversed. The cause is remanded, with instructions to allow their answers and cross-petitions to be filed, and for further proceedings not inconsistent with this opinion.