JUDGE ELLIOTT
delivered the opinion op the court.
Tbe appellee became the purchaser of a small tract of land lying in the county of Casey at execution sale. ' Before this purchase he had caused execution to issue on a judgment obtained by him against the appellant, W. H. Bell, and caused the same to be levied on the land as appellant ~W. H. Bell’s property, and at the sale appellee bought it.
The appellant W. H. Bell’s equity of redemption was then levied on and sold by virtue of an execution which issued *507 on another judgment in favor of appellee and against Bell, and purchased by the appellee. The tract of land did not bring two thirds of its appraised value; but the appellant (W. H. Bell) failing to redeem the land, some thirteen months after the sale, the sheriff of Casey County made to the appellee a deed to the same, and appellant (W. H. Bell) being in possession, and failing to surrender the same to appellee, he brought this action to recover the possession of it and damages for being kept out of possession.
On the petition of Mary E. Bell she was made a defendant. In her answer Mrs. Bell, who is the wife of W. H. Bell, averred that she purchased and paid for the land sold by virtue of appellant’s fi. fas. and purchased by him, and that the deed thereto was, by .mistake, made to her husband, W. H. Bell. She also charges that the appellee acquired no title by his purchase, by reason of the irregularities committed by the sheriff in making the sales at which appellee became the purchaser, and it is insisted that the levy made by the officer was defective, that the land was not valued, as required by law, and that he had failed to state in his return that he had sold the land at the court-house door of Casey County on the first day of a county or circuit court.
We are of opinion that the levy was sufficiently descriptive of the land levied on, and was unobjectionable. The officer, in the levy, stated the number of acres levied on, the county in which the land was located, and the creek where located, and also, as a part of his return, referred to the deeds of the vendors of the appellant (W. H. Bell) for a more particular description of boundary, etc. We are also of opinion that the land was valued as required by the statute.
The only defect in the officer’s official action, as indicated by his return, was that he failed to state in his return that he had sold the land at the court-house door of Casey County on the first day of a county or circuit court.
*508 In the case of Reid v. Heasley (9 Dana, 324) this court decided that the failure of the sheriff to properly describe the land in his levy, or to have it valued after his execution sale, could not affect the purchaser, for, says the court, “ these are directory duties inculcated by the statute upon the officer; but their omission can not be construed to retroact upon the sale, so as to affect the rights of the purchaser. His right rests upon his purchase under a valid execution issuing upon a valid judgment; and being fairly made can not be defeated by the subsequent omissions or delinquencies of the officer. The officer might unquestionably be made responsible to the debtor for any injury he sustained by reason of his delinquency; but to permit his subsequent omissions or derelictions of duty to invalidate the sale, without fault on the part of the purchaser, would be to establish a doctrine that would expose titles derived under execution to an uncertainty and insecurity that would drive from the arena of bidders all prudent and cautious persons, diminish competition in bidding, and tend to produce a sacrifice, to the injury of debtor and creditor. We can not sanation such doctrine.”
If, therefore, the sheriff actually sold the land at the courthouse door of Casey County on the first day of a county or circuit court, and the appellee became the purchaser, and afterward received a conveyance of the legal title from the sheriff, his title can not be divested by reason of the failure of the sheriff to state in his return that he had sold the land at the time and place required by law. The evidence of the sheriff makes it clear that he sold the land at the front door of the court-house of Casey County on the first day of a county court, and also that he had the land valued, as required by law.
The legal title, it is not denied, was in appellant W. H. Bell at the time of the execution sale of the land and the purchase by appellee; but it is contended that Mrs. Bell paid for' the land on the purchase by her husband from Dinwiddie, and *509 that therefore the land in equity belongs to her. We can not assent to such a conclusion.
By chapter 63, article 1, section 19, of the General Statutes, it is provided that “ When a deed shall be made to one person and the consideration shall be paid by another, no use or trust shall result in favor of the latter; but this shall not extend to any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration, or where the grantee, in violation of some trust, shall have purchased the lands deeded with the effects of another person.”
Mrs. Bell must have known that the deed from Dinwiddie was made to her husband, for she afterward joined with him in a deed for part of the land to Mr. Perrin; and, beside, there is no evidence that Mrs. Bell’s money or property paid for the land conveyed to her husband by Dinwiddie. The proof is that the land was paid for by the sale of property taken from the farm on which appellants resided, and although the farm belonged to Mrs. Bell, there is no evidence in this record that the stock sold to pay for this land was the separate estate of Mrs. Bell; and, unless it was, the legal title to it was in Mr. Bell, and he had a right to use it in the purchase of the land.
As no error is perceived to the judgment below, the same is affirmed.