## J. E. CUMMINS *v.* BALLARD COUNTY COURT.

**Suit on Sheriff's Bonds—Sheriff's Accounting.**

> Where a sheriff executes a bond to account for the collection of the levy of 1863, and fails to pay over all the money collected by him, and executes a second bond to account for the collection of the levy of 1864, and the county keeps the account as a running account for both years, showing at the end of 1864 he failed to pay over about $1,000, and suit is brought on the bond of 1863 and a plea of payment filed, there can be no recovery on such bond when the evidence shows the sheriff, during 1864, paid on claims according to their seniority. The shortage, if any, must be held to have occurred in 1864, and hence the sureties on the bond of 1863 are not bound for it.

### APPEAL FROM BALLARD CIRCUIT COURT.

November 15, 1877.

OPINION BY JUDGE PRYOR:

In a former opinion rendered in this case the court (through Judge Pryor) was evidently mistaken in the statement that Owens had been twice sheriff of the county of Ballard, and, as remarked by counsel, had no more to do with the "collection of the county levy for the years 1865 and 1866 than Alexander Selkirk had with the building of Solomon's Temple." The court was misled by the various settlements made of his accounts as collector for the year 1863 and 1864, those settlements running from October, 1863, until October, 1867. The sheriff made nine settlements, showing a balance due, by reason of the levies for the two years, of $1,009. His sureties on the bond of 1863 are proceeded against in the present action for the balance of the county levy for that year. He also executed a bond for the collection of the county levy for the year 1864.

The question then is, Has the levy of 1863 been paid by the sheriff? As said in the former opinion we are unable to perceive how the

sureties on the bond of 1863 are made liable for the balance due on the settlement made in 1867. It is true that the record shows a failure on the part of the sheriff to account for and pay over in the year 1863 the levy of that year. He appears to have been indebted several thousand dollars, and in January, 1864, when he made his last settlement on account of the leby of 1863, there was a balance due the county of $2,539. This was no doubt the balance due by him at that time, and for the amount his sureties were responsible. The sheriff seems to have been always ready to settle, but never in a condition to pay over, and if he had failed to settle, as said by this court in the case of *Bonta v. Mercer County Court,* 7 Bush 576, the sureties were still liable, for the reason that it was as much the duty of the sureties to require him to settle and pay over, as it was the duty of the county court to see that he discharged his obligation to the county. The settlements were made, and constituted a part of the records of the county, and the liability of the sureties up to January, 1864, was unquestioned.

This balance found due was transferred as a charge against the sheriffs in the settlements made with him for the collection of the levy in the year 1864, and included in each settlement thereafter made, being six or seven in number, the sheriffs being credited by the amount paid to county creditors, and his vouchers exhibited until the final settlement was made, when he was found indebted to the county in his settlement of the levy of 1864, or rather for his entire indebtedness, in the sum of $1,009. The county, by its officials, neglected to require Owens or his sureties to pay the balance due in 1863, when the same was due and payable, but from year to year transferred the amount of his liability from one settlement to another until the present balance was found due, for which the appellants are sought to be made liable. It is not only uncertain, but impossible for this court to say that any of the levy for the year 1863 remains unaccounted for; but on the contrary an exhibition of the record shows that the balance found due is not of the settlement of January, 1864, but on a final settlement of all his accounts, including the levy, for the year 1864.

ᐧ The office of collector for each year was distinct, but the county court, seeing proper to arrange the accounts of the one with the other, instead of showing a balance due from the sureties of 1863, shows a balance only in a general settlement, and now insists that whatever this balance may have been, if it did not exceed the amount found due in January, 1864, the sureties in the bond of 1863 are

bound for it. The sureties are not responsible for this comparison of the accounts or the condition of the county court record, from which it is apparent that no balance is due of the levy of 1863. The settlement made in the county court or with the county officials shows to the sureties a balance due on the settlement for 1864. They had no right to suppose that this balance was of the levy of 1863, for the reason that it contradicted the record itself; and now when the plea of payment is interposed it is maintained that the sureties must show that the county court records are false in order to sustain the plea of payment, or if not, that they must account for or direct this binding of the indebtedness in order to show what amount was paid out of the levy of 1863, and what out of the levy of 1864.

Owens, however, proves that he paid the levy of 1863 to county creditors, and, while he never kept any separate accounts, he paid the county claims according to seniority. While his explanation as to the mode of payment may not be satisfactory, we do not regard it as of much importance in the settlement of this controversy. It is maintained by counsel that the presumption must be indulged in against these sureties that all the levy was collected and paid for the year 1864, and that the levy of 1863 remained uncollected and unaccounted for when the county, by its own action, places it beyond the power of the surety to sever the accounts, and when from its own record it is made to appear that the indebtedness found against the sheriff is a balance of all accounts against him by the county for both the years 1863 and 1864. We are satisfied from the pleadings and proof of the appellee alone that no recovery can be had as to these sureties, and therefore it is unnecessary to determine whether the felony of the original petition in this case prevented the runnning of the statute of limitation. The judgment is *reversed* and cause remanded for further proceedings not inconsistent with this opinion. Judge Lindsay not sitting.

*E. J. Bullock, for appellant.   Bugg & Bishop, for appellee.*