JUDGE HINES
delivered the opinion of the court.
By authority of an act approved March 31, 1871, Elliott County issued her bonds, payable to holder, for the purpose of raising funds to enable the county to erect public buildings. These bonds were placed upon the market and sold, and by a subsequent order of the county court, became due in October, 1874.
Appellee being the owner of two of these bonds, one of the denomination of $500 and one of $600, instituted this action, by petition, against the judge of the county court, for a mandamus to compel the county court to appoint a collector, and require him to collect the levy previously made for that purpose, and to pay off these bonds.
Notice was given that a motion would be made in court, upon a certain day, for the mandamus to issue, but the motion was not made upon that day nor at any other time. Subsequent to the day for making the motion, a demurrer having been sustained to the petition, an amended petition against the county court was filed, praying only for judgment against the county court for the amount claimed to be due on these *291 bonds. Without process being issued the county answered, making her answer a cross-petition against the sheriff and the sureties on his official bond.
The defenses attempted to be set up in the answer are:
First. That the county court had caused the levy of the tax to be made to pay the bonds, and that it had been collected by the sheriff, and that therefore the remedy was against the sheriff and his sureties on his bond.
Second. That the appellee, in consideration of the payment by the sheriff of ten per cent, by way of interest upon the bonds, instead of. eight per cent, as stipulated in the bonds, and authorized by the act of the legislature, agreed to and did give further time to the sheriff, and thereby release the county from liability. •
To this answer a demurrer was sustained, except as to the second paragraph, and judgment rendered against the county for the amount claimed in the petition.
It is complained that the court erred in sustaining this demurrer, as well as in overruling the demurrer to the amended petition. It is said that the demurrer should have been sustained to the amended petition, because the motion for a mandamus never having been entered, and the original petition having been for a mandamus and against the county judge, instead of against the county court, there was nothing in court to amend. To all of this it may be replied that the filing of the answer by the county was a waiver of any objection of this character, and gave authority to the court to render whatever judgment it could have rendered if the amended petition had been an original one, and the appellant had been before the court in answer to process regularly and properly issued and served. There is no question that the failure to make the motion for a mandamus, on the day specified, was a waiver of the right to enter or make it under the notice given, and therefore, the case must be considered as if no mandamus *292 had been sought, and as a proceeding against the county court for judgment on the bonds.
In this view we need only consider the sufficiency of the answer and cross-petition and such other incidental matters as are suggested by counsel and deemed by them important in connection with the final disposition of the case.
That portion of' the answer, to which the demurrer was overruled, pleads partial payment, and will be considered hereafter.
The answer, so far as it proceeds upon the idea that the sureties on the bond of the sheriff, executed at the time of his induction into office, as distinguished from the county levy and revenue-bonds, are liable, is not good, as has been expressly adjudged by this court in the case of Anderson v. Thompson, &c., 10 Bush, 134. It follows, then, that if there was no county-levy bond taken for the years 1873 and 1874, as intimated in this record, neither the county nor any creditor of the county has a remedy, against the sureties, on the other bonds executed to secure the state revenue or for the discharge of the sheriff’s general official duties. However, in our view of the case, it is immaterial whether a county-levy bond was executed. These obligations sued upon, as issued and authorized to be issued, were made payable to holder, and are for that reason possessed of mercantile properties and value that do not characterize the ordinary county claim. They are generally and properly understood to amount to a pledge of the entire property of the county to secure their payment, and not to depend for their value upon the solvency of any county official. To apply the rule insisted upon by appellant would make the value of a county bond depend, not upon the amount of taxable property in the county and her bonded or other debt at the time of purchase, which is a substantial and tangible basis, but entirely upon the solvency of the sheriff and his sureties at the time the tax to meet the bonds *293 is collected or at the time the bonds fall due. Evidently such a construction defeats the object and violates the spirit of the statutes authorizing the raising of money by this means.
The provisions of the Revised and General Statutes in regard to ordinary county claims do not embrace in their terms such obligations on the part of the county as those under consideration. In case of ordinary indebtedness contracted by the county to meet the running expenses, the claims are first considered and allowed by the court of levy, and a list of these claims, the amounts, and to whom payable, is given to the sheriff, whose duty it becomes, on the collection of the levy made for such purposes, to pay the several amounts to the persons designated in the orders of court. In default of payment by the sheriff the creditor or claimant is given a remedy against the sheriff and the sureties in his county-levy bonds. But there is no such remedy, either expressly or impliedly, given the holder of a county bond made payable to bearer. (Arts. 2 and 3, chap. 27, Gen. Stat.)
The act under which these bonds were issued directs the levying and collection of the tax to pay them, but designates no agent through whom the payment is to be made; nor does it appear from the record that the county court has ever made any order or given any direction in reference to these matters, except to levy the tax for the years 1873 and 1874. But it does not follow that the holder of a bond would be compelled to pursue the sheriff and his sureties, even in case the act or the order of the court had designated the sheriff as the proper person to pay the bonds out of taxes collected by him. Even if the statute authorized a suit against the sheriff, on his official bond, it would not necessarily preclude the proceeding by mandamus. To have this effect the remedy must be full and complete. (Moses on Mandamus, 112.) The holder of the bonds in question, in any event, is entitled to such a remedy, and is not required to wait upon the slow process necessary to *294 determine whether the sureties on an official bond are at the time solvent, dr whether the county court in the first instance accepted insufficient security on the bond.
The allegations of the answer to the effect that, in consideration of the payment of ten per cent per annum interest on the bonds, the appellee agreed to and did indulge the sheriff, do not present a good defense. There was no time specified during which the indulgence should continue, and no such agreement stated as amounts to a novation. It was the duty of the county court to see that the proper levy-bond was executed to protect the people of the county against loss, and to see that the sheriff collected and accounted for the levy. The sheriff’s liability is to the people of the county, and this liability is to be enforced through their agent, the county court, and laches, in this respect, on the part of the court will not release either the sheriff or his sureties. (Bonta, &c. v. Mercer County Court, 7 Bush, 576.)
Appellee’s appropriate remedy is against the county court of claims, by mandamus, to compel the court to levy and collect a tax, and pay the bonds.as provided in the act authorizing their issue.
The court did not err in sustaining the demurrer to the answer, but the case must be reversed for failure to allow the proper credits. The court allows a credit of $235 as of date, April 22, 1875, when from the answer and evidence of the sheriff it should have been $535. This may be and doubtless is an error in entering up the judgment, but on the return of the case the credits, whatever they may be ascertained to be, should be allowed, as this opinion is not intended to be conclusive of the amount yet due upon the bonds.
Wherefore the judgment is reversed, with directions for further proceedings consistent with this opinion.