## JOHN DEVOR, ET AL. *v.* J. L. WOOLFORD.

**Sheriff's Liability—Homestead.**
> A sheriff is not entitled to a homestead exemption as against his liability to the commonwealth or to the county for the public revenue collected by him.

**Sheriff's Sale of Land to Pay Taxes—Irregularities.**
> Where the sheriff fails to advertise the land levied upon by him before making sale, a purchaser in good faith will not be affected by the irregularity. Neither does the failure of the sheriff's return to state that he sold the land at the court-house door, if actually made there, affect the title of the purchaser.

APPEAL FROM LINCOLN CIRCUIT COURT.

. November 7, 1878.

OPINION BY JUDGE COFER:

It was decided in *Commonwealth v. Cook,* 8 Bush 220, that a sheriff was not entitled to a homestead as against his liability to the commonwealth for the public revenue collected by him. And in *Bonta v. Mercer County Court,* 7 Bush 576, the county levy was treated as the revenue of the state in so far that the rights of the county could not be affected by the laches of public officers´ any more than the rights of the state. The reasons upon which the opinion in the former case rested, in part at least,.apply with equal

force to a sheriff who has collected the county levy. We must, therefore, adhere to the opinion at first expressed on this point.

Mrs. Devor clearly manifested no right to relief on account of the alleged use of money coming to her from her father's estate in paying for the land. The judgment in favor of the commonwealth, for reasons stated in the former opinion, was not invalid, and the assignments of Roy & Coffey and of the auditor vested in the appellees all the rights of their assignors.

Upon a re-examination of the questions affecting the sale under the executions, we are satisfied it is not invalid, because the returns do not show that the land was appraised and that the sale was at the court-house door.

The description of the land is sufficiently specific. *Bell v. Weatherford,* 12 Bush 505. If the sheriff fails to advertise the land a purchaser in good faith will not be affected by the omission. *Lawrence v. Speed,* 2 Bibb 401; *Hayden v. Dunlap,* 3 Ib. 216; *Webber & Stith v. Cox,* 6 T. B. Mon. 110; *Kilby v. Haggin,* 3 J. J. Marsh. 208; *Faris v. Banton,* 6 J. J. Marsh. 235; and for like reasons his failure to cause the land to be valued will not render the sale void. *Reid v. Healsey,* 9 Dana 322; *Anderson v. Briscoe,* 12 Bush 344.

The sheriff actually sold the land at the court-house door, and the failure to state the fact in his return does not affect the title of the purchasers. 12 Bush 505.

The answer and cross-petition of Mrs. Devor, adopted by her husband in his answer, set up the agreement on the part of Weatherford to allow the two and one-half acres sold under the decree to be redeemed, and the court having found that against the appellees, properly subjected the property to sale to pay the unpaid balance of their bid.

Judgment *affirmed.*

*John S. VanWinkle, G. W. Dunlap, Fox, Grigsby & Fox, J. & J. W. Rodman, for appellants.*

*Durham & Jacobs, Hill & Alcorn, for appellees.*