ALEX. SAYERS v. ISAAC HAHN.

ALEX. SAYERS v. T. W. SAMUELS.

[Abstract Kentucky Law Reporter, Vol. 5—319.]

**Irregularities in Sheriff's Sale.**

>    In the absence of fraud or collusion mere irregularities of the sheriff in conducting a sale will not render the sale void. Such irregularities do not affect the purchaser. Where the sheriff exceeds his authority the sale is void, but his failure to follow the law carefully is a mere irregularity.

**Inadequacy of Price Paid at Sheriff's Sale.**

>    Mere inadequacy of price paid at a sheriff's sale will not affect the purchaser; nor will a mere irregularity of the sheriff unless the purchaser participates in it in some manner.

APPEALS FROM HARRISON CIRCUIT COURT.

October 18, 1883.

OPINION BY JUDGE PRYOR:

These two cases are heard together. The one is an action in the nature of an ejectment by Hahn to recover a tract of land purchased by him under an execution against Sayers, the appellant. The other is a proceeding by Sayers to set aside the sale under the execution made to Samuels & Hahn. The last action was dismissed as to Hahn, but the defense to the ejectment suit brings up the same question in each case, and the evidence in the one case will be held to apply to the other. The sale made by the sheriff of the two tracts of land to Samuels & Hahn is not denied, and the defense is made to rest altogether on certain irregularities by the sheriff in conducting the sale.

Fraud and collusion between the execution plaintiffs, the purchasers and the sheriff is alleged, but not established by testimony of any sort, and the title must be held to have passed unless the sale was void. It is admitted that the land was appraised and sold for more than two thirds of tis appraised value, but it is insisted that the appraisers were not sworn and that the land was valued too low. Neither fraud nor mistake is alleged on the part of the appraisers,

and if it had been we see no evidence of the existence of either. They were both neighbors of the appellant and well acquainted with the property, and while one of them says one of the tracts was estimated too low, he does not undertake to say that he was misled or that any mistake was made by either except in that way, and then he does not undertake to say what the value really was, and while there is proof conducing to show that one of the tracts was worth more than its valuation there is nothing in this case authorizing relief on that ground. There was no tender of the money or offer to redeem, and the purchaser being invested with the title by reason of the sheriff's deeds this court would not invalidate the sale or set it aside if there had been no appraisement. Nor do we adjudge that it ought to have been done if no deeds had been made. These irregularities do not ordinarily affect the purchaser, but may create a liability on the part of the sheriff or officer conducting the sale to the defendant in the execution. Where the sheriff exceeds his authority the sale is void, but where he fails to pursue strictly his authority and commits irregularities only the rule is otherwise. The purchaser may so act as to render the sale void, but here the purchasers have done nothing that would indicate fraud or collusion with any one, and there is no cause for treating their purchase as a nullity.

*Brown v. Miller*, 3 J. J. Marsh. (Ky.) 435; *Forman v. Hunt*, 3 Dana (Ky.) 614; *Daviess v. Womack*, 8 B. Mon. (Ky.) 383. These purchasers have not been guilty of any wrong, nor do we find from the record any facts upon which to base a suspicion of collusion between them and the sheriff.

Mere inadequacy of price will not affect the purchaser at an execution sale, nor will a mere irregularity of the sheriff unless the purchaser participates in it in some manner; nor will the fact that the appraisers were not sworn, if such had been the case, affect the rights of these appellees. This court in *Reid v. Hcasley*, 9 Dana (Ky.) 324, decided if not valued at all the title would pass, and this rule again approved in *Bell v. Weatherford*, 12 Bush (Ky.) 505. In this case the land was sold on a county court day by virtue of a valid execution issued upon a valid judgment, and although the sheriff may have failed to advertise the property or to discharge duties pertaining to the sale that are merely directory, the purchaser's title is nevertheless secure, and to hold otherwise would render titles

thus acquired so insecure as to drive all competition in bidding from such sales, leaving the debtor entirely at the mercy of the creditor, for no stranger under such a rule would be willing to make the property bring its value. Where the officer neglects his duty the remedy is against him and not the purchaser.

The officer in his levy states the particular tract levied on, the deed under which the defendant claims, the number of acres, and that it is known as "Sayers' Depot in Nelson county." This is sufficiently descriptive of the property and no more particularity should be required.

Various other grounds are relied on to invalidate the sale. It is argued and proved by the defendant in the execution that when the sale was about being made he proposed to pay a part of the debt and repay the remainder, and the sheriff then announced that no sale would be made, but afterwards sold the land when the bidders had left, and those who intended to purchase, and besides that the sale was made after three o'clock when the advertisement stated that it would take place between 12 and 3 o'clock. This is denied by the sheriff. He admits that the appellant proposed replevying the debt or a part of it, and paying the balance, and that upon his failure to replevy he made the sale, and that he made the sale before three o'clock. If what the appellant maintains is true, and the weight of the testimony is against him, this affords no reason for disturbing the sale. The law did not require the sale to be made within certain hours nor does it appear that the defendant was injured by the act of the sheriff, and if he was it resulted from his failure to replevy the debt as he had agreed to do.

The bidder he had present was his son, who seems to have had no means, and if he had we perceive no reason why the replevin bond could not have been given by him. It does not appear that he was asked to go on the bond, but it does appear that those who were importuned declined. Still the discussion of such questions can not affect the decision of this case as it is manifest that no reason exists for invalidating the sales or disturbing the title.

Judgment *affirmed* in each case.

*Muir & Wickliffe, J. C. Wickliffe, for appellant.*
*Wm. Johnson, John F. Kelly, for appellees.*
[Cited, *Galot v. Pearce,* 18 Ky. L. 1004, 38 S. W. 892.]