## JAMES OSTENTON *v.* CARTER COUNTY.

[Abstract Kentucky Law Reporter, Vol. 5—686.]

**Liability of County as a Stockholder.**

When a county becomes a stockholder in a private corporation it becomes liable like other stockholders, and it may be sued on its subscription the same as any other stockholder, and no demand for payment is necessary.

APPEAL FROM CARTER CIRCUIT COURT.

February 9, 1884.

OPINION BY JUDGE PRYOR:

In *Elliott County v. Kitchen,* 14 Bush (Ky.) 289, and in *Loving v. Warren County,* 14 Bush (Ky.) 316, actions were instituted on bonds issued by the counties to recover judgments at law and no mandamus asked for or obtained. It is therefore settled that such an action may be instituted against a county and a recovery had as in any other case of indebtedness by the one party to the other. There may be trouble in attempting to enforce the judgment, and resort in most instances must be had to a mandamus compelling the county court to make a levy in order to satisfy the demand; but that such a remedy is open to the holder of a county bond will not preclude him from suing at law and obtaining a judgment.

In the case of *Garrard County Court v. McKee,* 11 Bush (Ky.) 234, the same rule was recognized. When the county becomes a stockholder in a private corporation it becomes liable like other stockholders, and to sue it at law upon the subscription or its bonds executed by reason of the subscription in no manner disturbs the exercise of the public duties imposed upon the county or required of it by the state. It is true in this case the amount of the indebtedness has been ascertained by the execution of the county bond and there was no necessity for instituting an action at law in order to enable the holder of the bond to reach the fund that had already been appropriated by the county for that purpose. A levy had been made and collected for the specific purpose as the petition alleges of paying these bonds or the bonds that had been substituted in the place of the old bonds by reason of some compromise between the railroad corporation and the county. The fact that new bonds had been issued in satisfaction of the bonds for which the levy had been made did not affect the fund collected for their payment. That fund had been collected by the receiver, R. D. Davis, and loaned out on mortgage securities. Some of the mortgages had been foreclosed, and the purchasers of the land still owe the purchase-money.

It is alleged that the receiver is paying bonds not yet due and refusing to pay the bond of appellant that has matured. If the fund is liable for the debt of the appellant he has the right to subject it, and having been collected for that purpose there is no reason why the action can not be maintained. It would be unreasonable to require the county to make another levy, as provision had already been made for the payment of the bonds, and in fact it would have been an answer to the application for a mandamus that the county court had already created a fund that was then in the hands of a receiver to pay this debt. Nor was it necessary to make any demand of the county court. A judgment at law had been rendered and an execution issued with a return of "no property," and while this may have been unnecessary it furnishes additional reasons for going into court of equity in order to reach the trust fund. Where an ordinary county claim is allowed the holder must pursue the sheriff or collector of the county levy to enforce payment, and permission to sue from the county court or a demand of payment is not necessary before the action is instituted. Here is

the obligation of the county, as sacred as the allowance made upon its order book, and a fund in the hands of the receiver to pay it. This fund has been invested in real estate and so changed in its character that the aid of the chancellor is required to ascertain the extent of the trust and the mode of distribution, and it is therefore proper to make the county as well as those having the trust fund in charge parties to the action. The demurrer to the petition should have been overruled, and for the error in sustaining the demurrer the judgment is *reversed* and cause remanded for proceedings consistent with this opinion.

*E. B. Wilhoit, for appellant.*

*Jas. D. Jones, A. Duvall, for appellee.*