## McDowell v. Bauman, et al.

German Savings Fund Company Building Association's Trustee in Bankruptcy v. McDowell, et al.

Bauman v. Mueller & Martin, et al.

Mueller & Martin v. Bauman, et al.

(Decided October 1, 1920.)

## Appeals from Jefferson Circuit Court (Chancery Branch, First Division).

1.  Corporations—Right of Secretary of Corporation to Draw Checks on Funds of Corporation to Discharge the Obligations of Another. —The secretary of a corporation authorized to draw checks on the corporation's funds has authority only to draw checks to discharge the obligations of the corporation, and not the right to draw checks to discharge the obligations of others.

2.  Vendor and Purchaser—Purchaser in Good Faith.—A purchaser of real estate owed a balance thereon. He mortgaged the property to a building association to obtain the balance of the purchase money. This money, togther with other money, was turned over to the secretary of the building association to be used in discharging a prior lien in favor of the vendor. The secretary embezzled the money. Afterwards, the vendor delivered the deed, and the secretary, who was also the secretary of another corporation, drew a check on the latter corporation's funds to pay for the property: Held, that the check itself was notice of the fact that it was drawn on the funds of the corporation to discharge the obligations of a third party, and as this circumstance was sufficient to put the purchaser's attorney on inquiry as to the authority of the drawer to draw the check, which inquiry, if pursued, would have elicited the information that the secretary had no authority to apply the funds of the corporation to the purpose for which the check was issued, the vendor, to whom the check was delivered, was not a purchaser in good faith.

3.  Corporations—Estoppel of Corporation to Recover Funds Drawn by its Secretary to Discharge the Obligation of Third Party.—The mere fact that a secretary of a corporation is authorized to draw checks on the funds of a corporation will not estop the corporation from recovering funds checked out by the secretary to discharge the obligation of a third party, where the payee is charged with notice of that fact, and the secretary has never been held out as having authority to draw checks to discharge the obligation of a third party.

4.  Corporations—Recovery of Money Improperly Checked Out— Laches.—Where the funds of a corporation have been improperly checked out by its secretary to discharge the obligation of a third party, a delay of nearly three years in bringing suit to re-

cover the money is not such laches as will defeat the right of recovery, where the positions of the parties are the same as when the improper payment was made.

5. Corporations—Building Associations—Acts of Agent—Liability of Association—Cancellation of Mortgage and Note.—Where a borrower from a building association executed a mortgage on property to procure money with which to discharge a lien on the property, and the money, together with other money of the borrower, is left in the hands of the association's secretary for that purpose, and the secretary embezzles the money, the secretary acts as the agent of the association, and the association is liable for his acts; and the borrower not having received any consideration for the note and mortgage, a judgment cancelling them was proper.

6. Vendor and Purchaser—Lien—Subrogation.—Where the money of a corporation was checked out by its secretary to discharge a purchase money lien on property purchased by a third party, and the corporation obtained a personal judgment against the payee for the money, and the payee was awarded a lien on the property, the corporation should have been adjudged the benefit of such lien, since the corporation's money was used to discharge the lien, and the vendor would not be entitled to a lien until the money was repaid to the corporation.

RICHARD P. DIETZMAN and HENRY PIRTLE for John A. McDowell.

BASKIN & VAUGHAN for Mueller & Martin.

CHARLES CARROLL for George E. Bauman.

GIFFORD & STEINFELD and O'NEAL & O'NEAL for German Savings Fund Company Building Association's Trustee in Bankruptcy.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming on appeals of John A. McDowell, German Savings Fund Co. Building Association's Trustee in Bankruptcy and George E. Bauman, and reversing on appeal of Mueller & Martin.

These four appeals are from the same judgment, and having been heard together, will be considered in one opinion.

George L. Martin was the secretary of the German Savings Fund Company Building Association, and also of Mueller & Martin, Inc., a real estate brokerage corporation. The offices of these corporations were in the same room. George E. Bauman had purchased from John A. McDowell a lot, and owed thereon the sum of $2,100.00. He also owed McDowell the sum of $31.00 for unexpired insurance. Bauman subscribed for $1,800.00 of stock in

the building association for the purpose of obtaining a loan of $1,800.00, to be used in discharging his indebtedness to McDowell. On November 6, 1915, Martin issued a warrant on the treasurer for $1,800.00, payable to Bauman. Bauman endorsed on the warrant that he had received the full amount thereof. As a matter of fact, Bauman did not keep the money, but left it in the hands of Martin as secretary, together with the additional sum of $321.00 to be used by Martin to discharge the McDowell lien, and to pay for the unexpired insurance. The entire sum was embezzled by Martin. On the same day the warrant to Bauman was issued, Bauman executed to the building association a mortgage on the property. On the day prior thereto McDowell executed a deed to Bauman, but the deed was not acknowledged until December 31, 1915. On January 6, 1916, McDowell's attorney delivered the deed to Martin, who delivered to the attorney a check for $2,100.00, payable to the attorney and signed "Mueller & Martin, Inc., per George L. Martin."

In a suit involving the rights of the parties Mueller & Martin, Inc., were given judgment against John A. McDowell for the sum of $2,131.00, with interest from January 6, 1916, while McDowell was given judgment against Bauman for the same sum and awarded a lien on the lot which he had sold to Bauman. By the same judgment, the note and mortgage executed by Bauman to the building association were cancelled, and Bauman was given judgment against the building association for the sum of $511.00, with interest from January 26, 1918, which sum was composed of the $331.00 endorsed to Martin as secretary of the association, together with certain dues which he had paid to Martin as secretary. All the parties to the judgment question its correctness.

The case is simply one where Bauman's money, which was endorsed to Martin as secretary for use in discharging the liens on the property, was embezzled by Martin, and Martin used the funds of Mueller & Martin, Inc., to pay the debt. Though authorized by the corporation to draw checks on its funds, clearly his authority was limited to the drawing of checks for the purpose of discharging the corporation's obligations, and did not include the right to draw checks to discharge the obligations of others. McDowell cannot be regarded as a purchaser in good faith, for when his attorney delivered the deed and received the check, the check itself was notice of the fact that it was drawn on the funds of the corporation to dis-

charge the obligation of a third party, and this circumstance was sufficient to put the attorney on inquiry as to the authority of Martin to draw the check, which inquiry, if pursued, would have elicited the information that Martin had no authority to apply the funds of the corporation to the purpose for which the check was issued. Nor can we see any reasonable ground upon which to base the plea of estoppel and laches. Martin's actual authority was confined to the giving of checks to pay the corporation's obligations. There was no showing that he was ever held out by the corporation as having any authority in addition to this. There must be some officer in every corporation authorized to draw checks, and the mere fact that such officer has such authority will not estop the corporation from questioning the validity of his act, when he issues a check not to pay the corporation's debt, but the obligation of a third party to one charged with notice of such fact. But it is argued that Mueller & Martin delayed the assertion of its claim for nearly three years, and such laches should defeat its claim. Laches in legal significance is not mere delay, but delay that works a disadvantage to another. Culton v. Asher, 149 Ky. 668, 149 S. W. 946. Here it does not appear that any of the parties affected have been prejudiced by the delay. Their positions are the same as they were when the improper payment was first made. Hence the defense of laches is not available either by McDowell or by Bauman.

The propriety of that portion of the judgment cancelling the note and mortgage to the building association is questioned by the latter's trustee in bankruptcy. It is argued that when Bauman delivered the money to Martin, the association's secretary, Martin became his agent, and the association therefore should not be held liable for Martin's acts. In nearly every case where money is borrowed from a building association to pay an outstanding lien, the secretary, in order that the association may acquire a first lien on the property, sees that the loan is used to discharge the first lien. Hence, when Martin took the money borrowed, together with that furnished by Bauman, he acted as the agent of the association, and the association is bound by his acts. As the case stands, therefore, Bauman did not receive any of the association's money. Hence there was no consideration for the note and mortgage, and the judgment cancelling them is proper.

Mueller & Martin complains of the judgment because that corporation was not awarded a lien. Of course, if McDowell does not pay the judgment in favor of Mueller & Martin, he is not out anything and is not entitled to a lien on the property. With the judgment in its present shape he may enforce his lien without paying the personal judgment. As the lien, which was discharged by the improper use of Mueller & Martin's money, has been reinstated by the judgment on the ground that if McDowell is compelled to refund the money to Mueller & Martin, no payment in fact has been made, we conclude that the only proper way to protect the rights of Mueller & Martin is to adjudge Mueller & Martin the benefit of McDowell's lien, which will be done on the return of the case.

On the appeals of John A. McDowell, the German Savings Fund Company Building Association's Trustee in Bankruptcy and George E. Bauman, the judgment is affirmed. On the appeal of Mueller & Martin, the judgment is reversed and the cause remanded with directions to enter judgment in conformity with this opinion.