HENRY GILMAN *vs.* F. O. BAILEY CARRIAGE CO., INC.

Cumberland.    Opinion December 5, 1925.

*A corporation note signed by its treasurer in behalf of the corporation payable to himself does not carry a presumption of authority to use it in payment of his own debt; the authority to so use it must be shown as a part of plaintiff's prima facie case.*

*The liability of a drawer of a check is conditional upon presentment and dishonor. There can be no recovery against him until nor unless this condition is satisfied or waived.*

Omission to file an affidavit denying signature and execution of note sued, is a waiver of proof of signature and also of authority to sign in behalf of the corporate maker.   But, in case of a note signed by the treasurer of a corporation and made payable to himself individually, such omission does not waive proof of his authority to use the note to pay his own debt.

Regularity within the meaning of the Negotiable Instruments Act (Section 52) cannot be predicated of a note whereof the payee is, in a trust or quasi trust capacity, the maker.

Specifications of defense required and filed under rule of court limit defenses that may be set up under the general issue.

Brief statements under the statute enable the defendant to introduce what he could not properly prove under that pleading.

In the instant cases a verdict should have been ordered for the defendant in the check case, and in the other the question of fact as to whether the notes were used to pay the treasurer's individual obligation should have been submitted to the jury.

On exceptions by defendant.   Two actions brought by Henry Gilman against the F. O. Bailey Carriage Co., Inc., of Portland, to recover on several notes, some of which were signed in its corporate name by its treasurer and made payable to himself and by him endorsed, and some of which were customer's notes made payable to defendant and by it endorsed, and given to plaintiff, and the second case was to recover on several checks signed likewise by defendant in its corporate name by its treasurer, being made payable to himself and by him endorsed and given to plaintiff.   At the conclusion of the evidence by plaintiff a motion to direct verdicts for defendant was

denied, but a motion for directed verdicts for plaintiff was granted and defendant excepted. Among other things the defendant contended that the plaintiff must prove that the treasurer had authority to use the notes in payment of his own·debt, and also that the checks must be presented and dishonored before liability attaches to drawer. Exceptions sustained.

The cases are fully stated in the opinion.

*Clifford E. McGlauflin*, for plaintiff.

*Clement F. Robinson and Forrest E. Richardson*, for defendant.

SITTING:  WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

DEASY, J.  In January, 1925, Henry Gilman of Portland brought these two actions against the defendant corporation.  In one (No. 5353) he sued the defendant as maker of seven promissory notes payable to and endorsed by W. A. Gilman or (in one instance) W. A. Gilman Co., and as indorser of four so-called customer's notes payable to the defendant.

The other action (No. 5354) sought recovery upon seven cheques drawn by the defendant running to and indorsed by said W. A. Gilman. All of the corporation's notes and cheques were signed "F. O. Bailey Carriage Co. Inc., by W. A. Gilman, Treas." The customer's notes were indorsed in the same manner. W. A. Gilman, treasurer and also payee, is the plaintiff's brother.

The plaintiff introduced the notes, cheques and also oral testimony that he paid value for the paper. The defendant offered no evidence. The presiding Justice refused the defendant's motion for directed verdicts. A similar motion by the plaintiff was allowed. Verdicts were ordered for the full amounts of the notes and cheques. Exceptions were reserved by the defendant.

It is contended that this situation—the situation created by a motion by both parties for a directed verdict—is tantamount to a submission of the whole case to the court with authority to decide both law and facts. Not so in this jurisdiction. Notwithstanding such motions issues of fact are to be submitted to a jury.

The defendant asks that its exceptions be sustained for several reasons, only two of which need be discussed.

(1)   For the reason that the corporation's notes signed by W. A. Gilman as treasurer, and payable to himself individually, were negotiated and used to pay his personal obligations to the plaintiff.

No affidavit was filed as authorized by Superior Court Rule XII. (identical with S. J. C. Rule X.).   The effect of such omission is to waive proof of the signing and also of the authorization of the instruments "declared upon."   *Bank* v. *Merriam*, 114 Maine, 439.

But for such waiver the plaintiff would have had the burden of proving not general authority merely, which general authority was shown, but (by by-law, vote or usage) specific authorization for the issuance of notes payable to himself.   *McLellan* v. *File Works*, 56 Mich., 582; *Park Hotel* v. *Bank*, 86 Fed., 744; *West St. Louis Bank* v. *Shawnee Bank*, 95 U. S., 559.   The waiver, however, dispenses with all proof either of general or specific authority.   We start thus with the presumption, proof being waived, not only that W. A. Gilman signed the notes and cheques in suit, but that he was authorized by the corporation to do so.   Moreover, the case shows that the treasurer was authorized by vote to issue and indorse notes and cheques.

But while the treasurer's authority to *sign* the notes and cheques in suit cannot be questioned, he presumptively had the right to *negotiate* them for corporate purposes only.

Even his authority given by vote to issue and indorse paper gave him no right to use it to pay his individual debts.   "If such a power is intended to be given, it must be expressed in language so plain that no other interpretation can rationally be given it."   *Bank* v. *Trust Co.*, 143 N. Y., 559—38 N. E., 713; *Ward* v. *Trust Co.*, 192 N. Y., 61—84 N. E., 588.

If he indorsed the notes to the plaintiff in settlement of a personal obligation the plaintiff presumptively acquired no title to such notes enabling him to maintain actions upon them against the defendant.

There is evidence in this case having some tendency to prove that the notes, or some of them, were used for such private purposes. The plaintiff testified that he made advances to his brother from time to time in cash.   These advances he charged upon a memorandum as "Loans to W. A. Gilman."   Then as a "settlement" of several such advances he received one or more of the notes or cheques in suit.   All of these advances the plaintiff now says were for the corporation's purposes.   The notes were, he contends, given to settle corporate obligations.

But the defendant claims that the corporation's notes and cheques were in some cases, if not in all, used to pay personal "Loans to W. A. Gilman." The evidence supporting the claim "giving to it all its probative force would authorize a jury to find in his (the defendant's) favor." *Heath* v. *Jaquith*, 68 Maine, 436.

Thus a question of fact is presented which we think should have been submitted to the jury.

If found as a fact that the notes or cheques, or some of them, were used to pay the treasurer's personal debts a defense in whole or in part is made out, good until it is shown that the instruments were properly used for such purpose. *Wheeling Ice Co.* v. *Connor*, 61 W. Va., 111—55 S. E., 987; *Pelton* v. *Lumber Co.*, (Wis.), 112 N. W., 33.

We assume that the plaintiff paid value for the notes. "A pre-existing debt constitutes value." (1917, Chap. 257, Sec. 25). But such defense is open against the plaintiff. The form of the notes is such that he cannot claim immunity as an innocent holder.

"The very form of the paper itself . . . . is sufficient to put him on his guard." *West St. Louis Bank* v. *Shawnee Bank*, 95 U. S., 557.

"A bona fide holder of a promissory note executed by an officer in the name of the corporation and payable to the officer executing it as an individual in legal contemplation cannot exist." *Luden* v. *Lumber Co.*, (Georgia), 91 S. E., 102.

"Such a note is a danger signal which the discounter or purchaser disregards at his peril." *Hotel Co.* v. *Bank*, 86 Fed., 744. See also *Stough* v. *Ponca Mills*, 54 Neb., 500—74 N. W. 868; *Campbell* v. *Bank*, 67 N. J. L., 301—51 Atl., 497; and *Randall* v. *Lumber Co.*, 20 R. I., 625—40 Atl., 763; *Thornton* v. *Navigation Co.*, 165 N. Y. S., 682.

The above reasoning takes no cognizance of the statute.

But if we apply the rules established by the Uniform Negotiable Instruments Act (1917, Chapter 257) the same conclusion is reached. A note like those in suit is not "regular upon its face." (Section 52). The plaintiff is therefore not a "holder in due course." (Section 52). He has not the rights of a holder in due course. (Section 57). Such note is "subject to the same defenses as if it were non-negotiable." (Section 58). If the first of these propositions is correct the others necessarily follow.

Regularity, within the meaning of the statute, cannot be predicated of a note whereof the payee is, in a trust or quasi-trust capacity, the maker.

"No person can be a bona fide holder of a promissory note executed by an officer in the name of the corporation and payable to the officer executing it, as an individual." 3 R. C. L., 1085. "It is out of the ordinary course of business." *Rubber Co.* v. *Pinkey*, (Wash.), 170 Pac., 584.

With exceptions hereinafter noted the facts involved in the authorities presented by the learned counsel for the plaintiff differ from those in the pending case in one of two vital particulars:

In most instances the notes under consideration in the cases cited were regular in form. But a note which is in a form "sufficient to put him (the discounter) upon his guard" (*Bank* v. *Shawnee Bank*, supra); a note which flies a "danger signal" (*Hotel Co.* v. *Bank*, supra) presents a different problem.

In other cases cited there was no claim that the notes were used to pay the payee's personal debts.

Massachusetts cases seem to present an exception to this rule. Under the doctrine adopted in that Commonwealth, if a treasurer of a corporation makes two corporate notes or cheques, one payable to his own creditor and the other payable to himself, and uses both to pay his own individual debt, the former note in the hands of the creditor is held prima facie bad and the latter prima facie good. *Johnson* v. *Longley Co.*, 207 Mass., 56, and cases cited. This distinction, while not illogical, finds little support in other jurisdictions. In either case the treasurer has the presumptive right to use the note or cheque for corporate purposes. In neither case can he be presumed to have the right to use the corporate obligation to pay his own debt.

(2) That the cheques sued in action No. 5354 were not dishonored.

Neither of the cheques sued was ever presented to the drawee bank for acceptance or payment. Nothing appears in evidence to excuse this failure. The liability of the drawer of a cheque is conditional upon presentment and dishonor. There can be no recovery against him until nor unless this condition is satisfied or wavied.

"The drawer . . . . engages that on due presentment the instrument will be accepted or paid or both, according to its tenor, and that if it be dishonored and the necessary proceedings on dishonor

be duly taken he will pay the amount thereof to the holder." Negotiable Instruments Act, Section 61.

It is contended that this defense is not available because not specified as a ground of defense. Superior Court Rule XI. (identical with S. J. C. Rule IX.). But this defendant did not file and was not required to file specifications under such rule.

The plea was the general issue with a brief statement under R. S., Chap. 87, Sec. 35. Specifications required and filed under the rule limit defenses that may be set up under the general issue. Brief statements under the statute do not have this effect.

"Such brief statements cannot prevent either party from offering testimony appropriate under the general issue." *Trask* v. *Patterson,* 29 Maine, 502.

"The office of a specification of defense differs from that of a brief statement in this, that the former is in part designed to limit the matters that are controvertible under the general issue—the latter to enable the defendant to introduce what he could not properly prove under that pleading." *Camden* v. *Belgrade,* 75 Maine, 128.

Presentment lies at the root of a drawer's liability. Unless presentment or excuse for non-presentment is shown, no promise is proved. This defense is clearly available under the general issue.

The other points made do not require extended discussion:—

(3) It is contended that action upon two of the notes is barred by limitation. But payments of interest made within six years removes the bar.

(4) It is said that as to the customers' notes whereon the liability of the defendant, if any, is as indorser, there was no presentment, demand and notice. But these requirements were waived in writing by W. A. Gilman who was, we think, shown to be sufficiently authorized for this purpose.

(5) Demand at the place of payment of the corporation's notes was not proved. Such demand is required by R. S. of 1916, Chap. 40, Sec. 39. But the later Act of 1917, Chap. 257, Sec. 70. (The Uniform Negotiable Instruments Act) places the burden upon the defendant to show ability and willingness to pay at the time and place specified.

We are of opinion that the exceptions to the ruling of the learned Justice must be sustained. In the cheque case verdict should have been ordered for the defendant. In the other the question of fact

as to whether the notes were used to pay the treasurer's individual obligation should have been submitted to the jury. If so used no recovery could be had without evidence of the treasurer's authorization to make such use of the notes, or proof of ratification of his act.

In both cases the mandate must be,

*"Exceptions sustained."*