## Kennedy v. Denny, State Banking Commissioner.

(Decided February 27, 1931.)

650

J. D. MOCQUOT for appellant.

W. F. McMURRY for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, W. B. Kennedy, was the owner of five shares of stock of the Ohio Valley Bank & Trust Company which was placed in the hands of the state banking commissioner for liquidation on November 3, 1923. On September 26, 1928, the McCracken circuit court adjudged it to be necessary for the payment of the corporate debts to severally assess the shareholders of the bank the par value of the stock owned by each, and directed the commissioner to make such assessment and collect same by demand or suit. Kennedy declined to pay the assessment, and the commissioner, subsequent to November 3, 1928, brought suit for its collection.

Kennedy relied upon the five-year statute of limitations in bar of recovery. The circuit court overruled a demurrer to the plea of limitation, and, on appeal to this court, it was held that this ruling was erroneous because the statute of limitation did not begin to run until a judicial determination of the fact of the insufficiency of the assets had been made. Denny, State Banking Commissioner. v. Kennedy, 229 Ky. 178, 16 S. W. (2d) 1030, 1034. It was held that the plaintiff's cause of action did not accrue until September 26, 1928. Near the close of the opinion it was said:

"As to whether a shareholder could rely on unreasonable delay upon the part of the commis-

sioner in reporting the condition of the corporation as an estoppel in aid of his plea of the statute of limitation we need not now determine, as no such estoppel is pleaded.''

On a return of the case, the defendant seized upon this statement in the opinion and filed an amended answer in which he alleged that the banking commissioner was guilty of laches in not requesting an adjudication of the liability of the shareholders until more than five years after the bank was placed in his hands for liquidation and more than four years after the passage of the act giving him the right to bring suit against the shareholders. The lower court sustained a demurrer to the amended answer, and, the defendant having refused to plead further, the court entered a judgment against him, and he has appealed.

It is argued that a right of action not barred by limitation will sometimes not be enforced when the demand is stale, but there are no allegations in the amended answer which bring the case within that rule. It is alleged in the answer that several of the stockholders of the bank have become insolvent since the bank was placed in the hands of the banking commissioner for liquidation but this fact, if true, does not change appellant's position. He admits in his amended answer that the statement by commissioner showing the actual condition of the bank at the time it was placed in his hands for liquidation filed on December 13, 1923, disclosed that it was necessary to make a 100 per cent. assessment on all the shareholders in order to pay the bank's creditors. But, in the absence of such a showing, appellant's condition would be unchanged. Section 595, of the Kentucky Statutes provides that stockholders of a bank shall be individually responsible, equally and ratably, and not one for the other, for all liabilities of the bank to the extent of the amount of their stock at par value in addition to the amount of such stock. The liability is a several liability for a ratable and equal share of the debts, and the insolvency of one stockholder does not affect the liability of another.

Laches is delay for an unreasonable and unexplained length of time in asserting a right, and which works a disadvantage to another. As said in McDowell v. Bauman, 189 Ky. 136, 224 S. W. 641, 642, ''Laches in legal significance is not mere delay, but delay that works a disadvantage to another.'' The disadvantage may arise

from the loss of evidence, the intervention of equities or other causes which would render a correct determination of the controversy uncertain. The mere lapse of time, which does not result in changing the position of the other party, does not necessarily constitute laches.

A 100 per cent. assessment was necessary in December, 1923, and is necessary now. Appellant will be subjected to no greater loss now by the enforcement of the statutory liability than he would have suffered had the suit been instituted immediately after the bank was placed in the hands of the banking commissioner for liquidation. The amended answer presents no state of facts showing that the alleged delay of the banking commissioner in taking steps to enforce his rights has become so inequitable as to operate as an estoppel.

The demurrer to the amended answer was properly sustained, and the judgment is accordingly affirmed.