## Gibson's Administrator v. Gibson et al.

(Decided November 13, 1931.)

LOW & BRYANT, and ADRIAN WEINSTEIN for appellant.

J. S. GOLDEN, JAMES H. JEFFRIES, and E. B. WILSON for appellees.

Opinion of the Court by Judge Rees—Reversing.

James J. Gibson died in 1918, domiciled in and a resident of Bell county, Ky., and the owner of a considerable estate, including real estate in Bell and Harlan counties, Ky., Claiborne county, Tenn., and Loudoun county, Va. A few months before his death he executed a writing purporting to be his will, in which he nominated as executors his son, T. F. Gibson, and his grandson, Robert G. Low. By the terms of this instrument all of his property was willed to his widow, children and grandchildren.

The original writing purporting to be decedent's will was never offered for probate in the Bell county court, but on July 30, 1926, was recorded in Loudoun county, Va., and on May 6, 1928, more than ten years after the death of James J. Gibson, a copy of the instrument was recorded in the office of the clerk of the Harlan county, Ky., court, and on June 29, 1928, a copy was recorded in Bell county.

Thereafter, in a suit brought in the Bell circuit court, in which all of James J. Gibson's heirs and devisees were defendants, the purported will was adjudged to be void and of no force or effect because it was not offered for probate in the Bell county

court within ten years after the testator's death, and it was further adjudged that James J. Gibson died intestate. Neither T. F. Gibson nor Robert G. Low, the two executors named in the will, ever attempted to qualify as such. T. F. Gibson, however, after the death of his father, took charge of the estate, and managed it until February, 1930, when he and his brother, H. J. Gibson, were adjudged bankrupts by the District Court for the Eastern District of Kentucky. After T. F. Gibson was adjudged a bankrupt, J. M. Brooks was appointed administrator of the estate of James J. Gibson, deceased, by the Bell county court, and on June 25, 1930, he brought this suit against T. F. Gibson and the other heirs at law of James J. Gibson, deceased, for a settlement of James J. Gibson's estate and seeking to recover from T. F. Gibson, as executor de son tort, various rents, royalties, and other money alleged to have been received by him.

It was alleged in the petition that James J. Gibson left lands in Bell and Harlan counties, some of which were leased for coal-mining purposes, and that T. F. Gibson, assuming to act by virtue of the authority which was conferred upon him by the will, took possession of the decedent's estate, and collected all the income therefrom until the year 1930, and had never made any accounting or settlement of the amounts collected by him, and it was further alleged that he had collected in excess of $100,000, for no part of which he had accounted to the heirs of James J. Gibson.

A special demurrer to the petition was sustained, and an amended petition was filed, in which it was alleged that "at the date of the death of the said J. J. Gibson, deceased, there were due him large sums of money for rents and royalties and upon other accounts which the defendant, T. F. Gibson, collected and has not accounted for." A special demurrer to the petition as amended was sustained, and, the plaintiff having declined to plead further, his petition as amended was dismissed and he has appealed.

The lower court erred in sustaining the demurrer to the petition as amended, since the administrator clearly was entitled to recover all personal property of which the decedent died possessed, or the proceeds thereof, unless, as contended by appellee, the claim is barred by the statute of limitations, or by the equitable doctrine of laches. An administrator becomes vested with

the title to all personal property of the decedent for the purposes of administration, although the beneficial interest therein vests in the heirs at law. Harding v. Harding, 151 Ky. 398, 152 S.W. 259; Commonwealth by etc. v. Paynter's Administrator, 222 Ky. 766, 2 S. W. (2d) 664.

It is a generally recognized doctrine that letters of administration or testamentary relate back to the intestate's or testator's death. See note to Shawnee National Bank v. Van Zant, 26 A. L. R. 1349. The doctrine also is well settled in this state that, when a cause of action accrues to the estate subsequent to the death of the intestate, the statute of limitations will not begin to run until the time of granting administration. Beauchamp's Administrator v. Mudd, 2 Bibb, 537; Baker's Administrator v. Baker's Administrator, 13 B. Mon. 406; Hull v. Deatly's Administrator, 7 Bush 687. The cause of action against appellee accrued to the estate of James J. Gibson when he took possession of the personal property of the decedent, but the statute of limitations only began to operate when the administrator was appointed and qualified.

It is argued that, because the heirs at law of the decedent waited more than twelve years before they requested the Bell county court to appoint an administrator for James J. Gibson's estate, the equitable doctrine of laches applies and destroys the right of appellant to maintain this suit. Under no view of the case is the doctrine of laches applicable here. "Laches in legal significance is not mere delay, but delay that works a disadvantage to another." McDowell v. Bauman, 189 Ky. 136, 224 S. W. 641, 642. Appellee has not been prejudiced by the delay in bringing suit to recover property belonging to the estate of James J. Gibson, and therefore the defense of laches is not available.

It is equally clear that the administrator of James J. Gibson's estate has not authority to sue for or collect rents, royalties, and other income from real estate accruing since the death of James J. Gibson, since the real estate vested in the heirs at law of the decedent, James J. Gibson, as of the date of his death, and any right to sue for rents, royalties, or other income from the real estate rests in them. Kelly's Executor v. Pettus, 145 Ky. 250, 140 S. W. 189; Stokeley v. Flanders (Ky.), 128 S. W. 608; Costigan v. Truesdell, 119 Ky. 70, 83 S. W. 98, 26 Ky. Law Rep. 971, 115 Am. St. Rep. 241; Ball v. First

National Bank of Covington, 80 Ky. 501. All personal property owned by James J. Gibson at the time of his death, including rents and royalties which accrued during his lifetime, passed to his personal representative as assets of his estate, and appellant, as administrator, may maintain an action for its recovery. To that extent the petition as amended stated a cause of action, and the demurrer should have been overruled.

Judgment is reversed for proceedings consistent herewith.