## CULHANE v. ROCKFORD FINANCE & THRIFT CO.
### No. 5236.

Circuit Court of Appeals, Seventh Circuit.
Dec. 8, 1934.

C. H. Linscott, of Rockford, Ill., for appellant.

Stanton E. Hyer and Thos. E. Gill, both of Rockford, Ill., for appellee.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

This is an appeal from a judgment of the District Court in favor of the plaintiff, Rockford Finance & Thrift Company, in a suit to recover the sum of $1,000, with interest, from the Manufacturers' National Bank & Trust Company of Rockford, Ill. The facts were stipulated by the parties.

The Manufacturers' National Bank & Trust Company was a national banking corporation engaged in the banking business in the city of Rockford. On or before May 1, 1930, it was given a note for $1,000, due thirty days after date, with interest at 6 per cent. per annum, payable monthly, executed by one Arthur E. Anderson, individually, and payable to the order of Bohlin & Johnson, Inc., dated at Rockford, Ill., on April 2, 1930. They were instructed to collect this note for Bohlin & Johnson and credit the proceeds to its account.

Arthur E. Anderson was employed as secretary and manager of the appellee corporation, Rockford Finance & Thrift Company. He was authorized by the board of directors

of this corporation to execute checks in the course of the company's business for and on behalf of the company in an amount not exceeding $500.

On or about the first of May, the bank notified Arthur E. Anderson that it held the note for collection and he delivered to the bank, in payment of the note, three checks, one drawn on the Third National Bank of Rockford, Ill., in the sum of $450; one drawn on the Commercial National Bank of Rockford, for $100; and another on the Commercial National Bank of Rockford, for $450. All of these checks were signed by the Rockford Finance & Thrift Company, Arthur E. Anderson, Secretary. The checks were collected by the Manufacturers' National Bank & Trust Company, through the clearing house at Rockford, Ill., the proceeds thereof being credited to the account of Bohlin & Johnson, Inc., in said bank. The bank accepted the checks from Arthur E. Anderson in payment of the note without inquiry or investigation.

The Manufacturers' National Bank & Trust Company has been declared insolvent by the Comptroller of the Currency of the United States, and L. B. Achor was appointed receiver of the bank. Thereafter L. B. Achor resigned and A. B. Culhane was appointed receiver and is now duly qualified and acting in that capacity.

A jury was waived, and the District Court found the facts to be as stipulated by the parties and entered a judgment in favor of the plaintiff for $1,000, with interest from May 1, 1930, and the costs of suit.

Appellant contends that the bank was merely the agent of Bohlin & Johnson, Inc.; that it paid over the money which it collected to Bohlin & Johnson without notice of Anderson's fraud and is not liable for the return of the money in this case.

The case turns upon the question whether a bank taking negotiable paper under the circumstances here shown becomes a holder in due course or whether it will be considered to have had notice of the infirmities and to have taken the paper in bad faith.

■ By the provisions of the Negotiable Instruments Law (Smith-Hurd Ann. St. Ill. c. 98, § 76), a party receiving a negotiable instrument is held to have had notice of a defect or infirmity in the instrument or in the title of the person negotiating the same, only if he has actual knowledge of the infirmity or defect or knowledge of such facts that his action in taking the instrument amounted to bad faith. Meyer v. Guardian Trust Co. (C. C. A.) 296 F. 789; New Bern Oil, etc., Co. v. National Bank (C. C. A.) 28 F.(2d) 554; Clapper v. Gamble (C. C. A.) 28 F.(2d) 755.

■ One who takes a corporate note or check for the individual debt or benefit of the officer signing or indorsing for the corporation is thereby put on inquiry as to whether corporate assets are not being wrongfully diverted. The presumption arises from the face of the check that it belongs to the corporation, and that the officer has no right to put it to the intended personal use. Gilman v. F. O. Bailey Carriage Co., Inc., 125 Me. 108, 131 A. 138; Ward v. City Trust Co., 117 App. Div. 130, 102 N. Y. S. 50; Id., 192 N. Y. 61, 84 N. E. 585; Redfield v. Wells, 31 Idaho, 415, 173 P. 640; Kenyon Realty Co. v. National Deposit Bank, 140 Ky. 133, 130 S. W. 965, 31 L. R. A. (N. S.) 169; McDowell v. Bauman, 189 Ky. 136, 224 S. W. 641; Johnson & Kettell Co. v. Longley Luncheon Co., 207 Mass. 52, 92 N. E. 1035; McCullam v. Mermod, Jaccard & King Jewelry Co. (Mo. App.) 218 S. W. 345; Fisk Rubber Co. of N. Y. v. Pinkey, 100 Wash. 220, 170 P. 581; Gale v. Chase Nat. Bank (C. C. A.) 104 F. 214; Milano et al. v. Sheridan Trust & Sav. Bank, 242 Ill. App. 362; Paine et al. v. Sheridan Trust & Sav. Bank, 342 Ill. 342, 174 N. E. 368.

■ Where money is paid over by the agent after notice that the principal is not entitled to the money because of the infirmity in the instrument, the agent is liable.

The judgment is affirmed.