**EDINGER et al. v. FINN'S ADM'R et al.**

Court of Appeals of Kentucky.
Oct. 24, 1952.

J. W. Jones, L. G. Bradbury, Louisville, for appellants.

Bader & Maratta, Henry I. Fox, Louisville, for appellees.

SIMS, Justice.

This is the second appeal of this case. The first opinion is reported in Ky., 244 S. W.2d 435, under the style of Finn v. Finn's Adm'r, where the facts are set out and we will not repeat them. However, it may be well to state the question on the first appeal was whether or not Katie Finn had entered into a contract to devise her estate to her sister-in-law, Rose Finn, in consideration of the latter giving Katie a home and caring for her the rest of her life. On this appeal the question is whether or not the chancellor erred in refusing to allow the heirs of Katie to file an amended answer, counterclaim and cross-petition after the judgment was reversed and the cause remanded "for proceedings not inconsistent with this opinion."

The action was brought in October 1948 by the administrator against Rose and the unknown heirs of Katie. It was a suit to settle the estate, consisting of $5,529.25 in bank and $400 in United States postal certificates, and a warning order attorney was named to notify the unknown heirs and they and Rose were called upon to assert their claims to the estate. Rose filed an answer on Nov. 12, 1948, setting out an oral contract with Katie wherein the latter agreed to devise Rose her estate and Rose asked to be adjudged the estate after the payment of decedent's debts. The chancellor rendered judgment on March 1, 1949, to the effect that there was no contract between Katie and Rose and that Katie's estate should be distributed among her heirs. Our first opinion in Ky., 244 S.W.2d 435, reversed that

judgment and our mandate remanded the cause "for proceedings not inconsistent with this opinion", since the estate had to be settled and its net proceeds paid to Rose.

An appeal was taken in this court on March 9, 1950, and on Nov. 25, 1949, twenty-five heirs-at-law of Katie filed their answer, counterclaim and cross-petition wherein they set out their kinship to Katie, averred she died intestate and they were entitled to the proceeds of her estate. That pleading did not mention Rose or her claim to the estate except to say the claim of these heirs is superior to the claim of Rose. Upon the reversal of the first judgment and the filing of the mandate in the Jefferson Circuit Court on Dec. 28, 1951, the unknown heirs on Jan. 18, 1952, tendered an amended answer, counterclaim and cross-petition in which they denied there was a contract between Katie and Rose wherein the former agreed to devise Rose her estate in consideration of Rose supporting and caring for Katie during Katie's life. In this pleading the unknown heirs further averred they were before the court only by constructive service when the judgment was entered on March 1, 1949, and had no opportunity to cross-examine Rose and her witnesses, or to introduce evidence in their own behalf, and they asked that the case be reopened.

The chancellor in an exhaustive opinion refused to file the tendered pleading but made it a part of the record for the purpose of appeal. While we do not agree with the reasoning of the chancellor, he reached the correct answer and his judgment must be affirmed.

█ Appellants predicate their right to file their amendment on §§ 408 and 414 of the Civil Code of Practice. Sec. 408 reads:

"A defendant constructively summoned shall be allowed at any time before judgment to appear and defend the action; and, upon a substantial defense being disclosed, time may be given on reasonable terms to prepare for trial."

It is patent the "judgment" referred to in this § 408 means final judgment in the circuit court from which an appeal may be prosecuted. In Crowley v. Vaughan, 11

Bush. 517, 74 Ky. 517, the nonresidents before the court on constructive service waited until the cause was submitted in chief and on their motion to file their answer and cross-petition, and this court held they should be allowed to enter their appearance at any time before judgment. Therefore, we are of the opinion that § 408 is not applicable in the instant case, since appellants did not tender their pleading before final judgment in the circuit court.

We are faced with a different question by § 414, which provides, except that in divorce cases:

"A defendant against whom a judgment may have been rendered upon constructive service of a summons, and who did not appear, may, at any time within five years after the rendition of the judgment, move to have the action retried; * * *."

█ The chancellor was in error when he said in his opinion that these constructively served defendants had entered their appearance and for this reason were deprived of the benefits of § 414. Their attempted appearance was a nullity since their pleading was filed more than eight months after the chancellor had rendered final judgment in favor of the administrator, and the chancellor had lost control of the case. But the chancellor was not in error when he refused to permit these defendants to file the amendment after the judgment was reversed and the case remanded to him.

█ Ordinarily, the title to the personal property of an intestate vests in the administrator, Gibson's Adm'r v. Gibson, 241 Ky. 74, 43 S.W.2d 343; while the title to the real estate vests in the heirs, Hall's Ex'rs v. Robinson, 291 Ky. 631, 165 S.W.2d 163, 166; Caudill v. Trimble's Adm'r, 273 Ky. 793, 117 S.W.2d 993. It is the administrator who must sue to recover the personal property, and the heirs who must sue to recover the real estate of the intestate. Therefore, had Rose been unsuccessful, this estate, consisting entirely of personal property, would have vested in the administrator and it cannot with reason be said this judg-

ment was rendered against the heirs, and they have no right under § 414 to file their pleading for a re-trial. Although not directly in point Houston v. Com., 169 Ky. 445, 184 S.W. 388, 390, in a way sustains our conclusion in this case.

The chancellor made no mistake in refusing to let the heirs, who were before the court only on constructive service, file their amended pleading to reopen the case under § 414, and his judgment is affirmed.